IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANDREW S. SLOAT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. 21-cv-03086 |
| ROB JEFFREYS et al., | ) |
| | ) |
| Respondents. | ) |

MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Petitioner filed this case pro se from the Graham Correctional Center in Hillsboro, Illinois. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated. Because the Court lacks jurisdiction to provide Petitioner the mandamus relief he seeks, Petitioner's complaint is dismissed without prejudice.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Petitioner's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" <u>Alexander v. United States</u>, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

On April 7, 2021, Petitioner filed a Petition for Writ of Mandamus (d/e 1).  On May 3, 2021, Petitioner filed a petition to proceed in forma pauperis (d/e 7).  Also on May 3, 2021, Petitioner filed a second petition to proceed in forma pauperis (d/e 8) alleging the same facts but using a different form.  In his Petition for a Writ of Mandamus, Petitioner alleges that he has not received sentencing credit for a period between August 23, 2020, and January 6, 2021, during which time he was in custody at the Marion County Jail in Salem, Illinois.  Petitioner requests that this Court order the parties responsible for the calculation of his time served to credit him for the allegedly uncredited period.

This Court lacks jurisdiction to provide Petitioner the mandamus relief he seeks.  Federal district courts have original jurisdiction to issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner."  28 U.S.C. § 1361.  Petitioner here has

sued Rob Jeffreys, the Director of the Illinois Department of Corrections ("IDOC"); Glynn Austin, the Warden of Graham Correctional Center; an unnamed IDOC employee employed in the Graham Correctional Center Records Office; and unnamed members of the Illinois Prisoner Review Board.  None of the Respondents are officers or employees of the United States.  In addition, while the All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the All Writs Act does not itself create jurisdiction. 28 U.S.C. § 1651(a); Hill v. Baxter Healthcare Corp., 405 F.3d 572, 577 (7th Cir. 2005). Simply put, this Court lacks mandamus jurisdiction to compel action by state officials.  See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (finding that, generally, a federal court does not have power under the All Writs Act to "issue mandamus to a state judicial officer to control or interfere with state court litigation"); Davis v. Spoden, No. 09-CV-002-BBC, 2009 WL 483180, at *1 (W.D. Wis. Feb. 25, 2009) ("Federal district courts lack jurisdiction to issue a writ of mandamus to direct state courts in the performance of their duties.").

**IT IS THEREFORE ORDERED:**

1) Petitioner's second petition to proceed in forma pauperis (d/e 8) is GRANTED on the grounds of indigency. Petitioner's initial petition to proceed in forma pauperis (d/e 7) is DENIED as moot.

2) Petitioner's complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915A. Because amendment would be futile, the Clerk is DIRECTED to enter judgment pursuant to Federal Rule of Civil Procedure 58 and close the case.

ENTER: May 4, 2021

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE